```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
899 S. 19th LLC,                                             :
                                                             :
                              Plaintiff,                     :   23 Civ. 1677 (LGS)
                                                             :
              -against-                                      :   ORDER
                                                             :
MELVENE KENNEDY,                                             :
                                                             :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on February 27, 2023, pro se Defendant Kennedy filed a Notice of Removal.

WHEREAS, on March 1, 2023, Plaintiff filed an objection.

WHEREAS, on March 2, 2023, Defendant filed a reply.

WHEREAS, a defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court, "[a] defendant . . . shall file in the district court of the United States *for the district and division within which such action is pending* a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* at § 1446(a) (emphasis added). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *accord Holy Spirit Ass'n for Unification of World Christianity v. Barreto*, No. 22 Civ. 4019, 2022 WL 2304175, at *1 (S.D.N.Y. June 27, 2022).

WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal, and may *sua sponte* remand a case at any time for lack of subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*,

435 F.3d 127, 131 (2d Cir. 2006); *accord Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647, 2021 WL 3852039, at *1 (S.D.N.Y. July 8, 2021).

WHEREAS, this removal is not the first attempt to remove the New Jersey state-court action to federal court. On February 17, 2023, Defendant attempted to remove this action to the United States District Court for the District of New Jersey, but that court remanded the action to New Jersey state court because Defendant failed to show that the federal court had subject matter jurisdiction over the matter. *See 899 S. 19th LLC v. Kennedy*, No. 23 Civ. 1003, 2023 WL 2188766, at *2 (D.N.J. Feb. 23, 2023).

WHEREAS, removal of the New Jersey state-court action to this court is also improper. A state court civil action may be removed only to the federal district court embracing the place where the state court civil action is pending. 28 U.S.C. § 1441(a); *see Sun v. Teager*, No. 22 Civ. 1166, 2022 WL 464217, at *2 (S.D.N.Y. Feb. 14, 2022). Defendant removed this action from the Superior Court of New Jersey, Essex County, which is located in Newark, New Jersey. As this court does not embrace Newark, New Jersey, this case may not be removed to this federal court. It is hereby

**ORDERED** that the matter is remanded to state court. Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Order to the Superior Court of New Jersey, Essex County. The Clerk of Court is further directed to mail a copy of this Order to the pro se Defendant and to close the case.

Dated: March 13, 2023
      New York, New York

                                                      LORNA G. SCHOFIELD
                                               UNITED STATES DISTRICT JUDGE